United States v. Woltmann

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

August Term, 2009

(Argued: June 9, 2010          Decided: July 6, 2010)

Docket No. 10-413

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

Appellee,

- v.-

GARY WOLTMANN,

Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

Before:      JACOBS, Chief Judge, WINTER and WALKER, JR., Circuit Judges.

Defendant-appellant Gary Woltmann pled guilty in the United States District Court for the Eastern District of New York (Platt, J.) to one count of tax fraud.  Woltmann filed a notice of appeal challenging the sentence, and the government countered with a motion to dismiss on the basis of the appeal waiver provision in the plea agreement.  We conclude that the waiver is unenforceable, and we vacate and remand to a different district judge for re-sentencing.

RICHARD M. LANGONE, Langone & Associates, Levittown, New York, for Appellant.

CHARLES P. KELLY, for Loretta E. Lynch, United States Attorney's Office for the Eastern District of New York, Brooklyn, New York, for Appellee.

DENNIS JACOBS, Chief Judge:

Defendant-appellant Gary Woltmann pled guilty in the United States District Court for the Eastern District of New York (Platt, J.) to one count of tax fraud. Woltmann filed a notice of appeal challenging the sentence, and the government countered with a motion to dismiss, citing Woltmann's waiver of appeal in the plea agreement ("the Agreement"). We conclude that the waiver is unenforceable, and we vacate and remand to a different district judge for re-sentencing.

**I**

Pursuant to the Agreement, Woltmann pled guilty in September 2007. After signing the Agreement but before sentencing, Woltmann provided substantial assistance to the government in its (ultimately successful) prosecution of

another criminal tax fraud case.  In exchange for this cooperation, the government submitted a letter to the district court pursuant to U.S.S.G. § 5K1.1 "urg[ing] the Court to consider formulating a sentence below the advisory guidelines" range of 18 to 24 months' imprisonment.[1]

At a December 11, 2009 hearing ("December 11 Hearing"), defense counsel and the government urged the district court to consider the 5K1.1 letter and the factors enumerated in 18 U.S.C. § 3553(a) when imposing sentence.  Notwithstanding these prompts, the district court deemed the 5K1.1 letter an improper effort by the parties to repudiate, modify, or amend the Agreement, and ruled that the Agreement constituted Woltmann's consent to any sentence at or below 27 months (the upper limit of the appeal waiver provision).  Accordingly, the judge discounted the 5K1.1 letter and the other factors enumerated in § 3553(a).

At a hearing on January 22, 2010 ("January 22 Hearing"), the district court sentenced Woltmann principally to 18 months' imprisonment (the low end of the Guidelines

---

[1] Section 5K1.1 provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

range).  In short succession, Woltmann filed a notice of appeal in this Court; the government moved to dismiss on the basis of the appeal waiver provision in the Agreement; and Woltmann moved for bail pending appeal.

On April 7, 2010, we granted Woltmann's bail motion. See United States v. Woltmann, 10-0413-cr (Apr. 7, 2010) (order).  The government's motion to dismiss was then submitted to this panel.  Because the facts, rules, and considerations that bear upon the motion likewise control the merits of the underlying appeal, we heard oral argument on the merits, and we resolve the merits together with the motion:  The government's motion is denied, Woltmann's sentence is vacated, and the matter is remanded to a different district court judge for re-sentencing.


**II**

Three provisions of the Agreement have bearing on this appeal:

- Paragraph 2 states that the applicable Guidelines term of imprisonment is 18-24 months.

- Paragraph 2 acknowledges that "the Guidelines are advisory and the court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18

U.S.C. § 3553(a) to arrive at an appropriate sentence in this case."

- Paragraph 4 contains an appeal waiver provision: "The defendant agrees not to . . . appeal . . . the conviction or sentence in the event that the Court imposes a term of imprisonment of 27 months or below. This waiver is binding without regard to the sentencing analysis used by the Court."

Provisions like these are common, and their inclusion in the Agreement is unexceptional.

At the December 11 Hearing, the government reiterated its position, expressed in the 5K1.1 letter, that the court should impose a below-Guidelines sentence due to Woltmann's substantial assistance. See, e.g., Tr. of December 11 Hearing at 8. The district court refused. It viewed the Agreement as the "governing" or "controlling" instrument, e.g., id. at 4-5, and reasoned that the government's advocacy of a below-Guidelines sentence on the basis of the 5K1.1 letter was an impermissible attempt to "repudiate," "modify," or "amend" the Agreement, e.g., id. at 5, 14. The district court felt free to ignore the 5K1.1 letter and the § 3553 factors because Woltmann had ostensibly "consented to such and such a sentence" by agreeing both to the Guidelines calculation in Paragraph 2 and the appeal waiver in Paragraph 4. Id. at 6. In effect, the district court

5

believed that because of the appeal waiver, *any* sentence at or below 27 months was appropriate, regardless of whether or how the 5K1.1 letter and the § 3553(a) factors--if considered--would bear on the sentence.

At the January 22 sentencing hearing, the district court stated that it had "considered the [A]greement that was made with the government and the provision that we just read, paragraph four [i.e., the appeal waiver provision], and the court feels that under the circumstances here and the family circumstances that an 18 month sentence is an appropriate one."  Tr. of January 22 Hearing at 12.  The court also intimated, as it had done at the December 11 Hearing, that consideration of the 5K1.1 letter would constitute an impermissible repudiation of the Agreement:

> [Defense Counsel]:    I would just like to point out to the court, judge, first, that all of the guideline calculations were based upon an estimate prior to any cooperation or 5K1 letter.
>
> The Court:    Are you saying he wants to repudiate the plea agreement?

Id. at 4

Woltmann filed a notice of appeal, and the government

moves to dismiss citing the appeal waiver in Paragraph 4 of the Agreement. Woltmann in turn argues that the district court's treatment of the 5K1.1 letter and the § 3553(a) factors requires us to vacate the sentence and remand for re-sentencing. We agree.

## III

Plea agreements are reviewed "in accordance with principles of contract law." United States v. Vaval, 404 F.3d 144, 152 (2d Cir. 2005) (internal quotation marks omitted). We consider "the reasonable understanding of the parties as to the terms of the agreement." United States v. Colon, 220 F.3d 48, 51 (2d Cir. 2000). Moreover, because plea agreements are "unique contracts, . . . we temper the application of ordinary contract principles with special due process concerns for fairness and the adequacy of procedural safeguards." United States v. Granik, 386 F.3d 404, 413 (2d Cir. 2004) (internal quotation marks omitted). Such contracts are narrowly construed. Id.

It is a "well-settled legal principle that the sentencing judge is of course not bound by the estimated range in a plea agreement." United States v. Hamdi, 432

F.3d 115, 124 (2d Cir. 2005) (internal quotation marks omitted). To the contrary, before imposing sentence, a district court must consider both a 5K1.1 letter (if one is proffered), United States v. Campo, 140 F.3d 415, 418-19 & n.5 (2d Cir. 1998) (per curiam), and the factors enumerated in § 3553(a), Gall v. United States, 552 U.S. 38, 49-51 (2007).

Ordinarily, appeal waivers are enforced--and for good reason. See United States v. Morgan, 386 F.3d 376, 380 (2d Cir. 2004) (explaining that voiding such waivers "would render the plea bargaining process and the resulting agreement meaningless" (internal quotation marks omitted)); United States v. Gomez-Perez, 215 F.3d 315, 318 (2d Cir. 2000) ("[T]he benefits of such waivers inure to both government and the defendant alike, with the government receiving the benefit of reduced litigation, and the defendant receiving some certainty with respect to his liability and punishment."); United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir. 1995) ("If this waiver does not preclude a challenge to the sentence as unlawful, then the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of

8

defendants."). But we will not enforce an appeal waiver where--as here--the "sentencing decision . . . was reached in a manner that the plea agreement did not anticipate," United States v. Liriano-Blanco, 510 F.3d 168, 174 (2d Cir. 2007); see also United States v. Roque, 421 F.3d 118, 123-24 (2d Cir. 2005) (suggesting that an appeal waiver would be unenforceable if the defendant failed to "underst[an]d fully the consequences of his bargain, both in terms of what he was gaining and what he was giving up"), or where "the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus," Gomez-Perez, 215 F.3d at 319 (brackets and internal quotation marks omitted).

Applying these principles, we hold that vacatur is required because the district court: (1) improperly "relied" on the Agreement to the exclusion of the 5K1.1 letter and the § 3553(a) factors; and (2) misread the Agreement as manifesting Woltmann's enforceable concession that any sentence at or below 27 months obviated the need to consider the 5K1.1 letter and the § 3553(a) factors. In so doing, the district court failed to give effect to the parties'

expectations and deprived Woltmann of the benefit that he (and the government) agreed he would receive from signing the Agreement (<u>i.e.</u>, a weighing of the 5K1.1 letter and the § 3553 factors).  At the same time, the court also "abdicated" its judicial responsibility in the way posited by <u>Gomez-Perez</u>, 215 F.3d at 319.

**A**

As the transcript of the December 11 Hearing unambiguously shows, the district court felt itself entitled to rely on the Agreement notwithstanding our law that such reliance is misplaced.  <u>See</u> <u>Hamdi</u>, 432 F.3d at 124.  For example, when the government raised the 5K1.1 letter at the outset of the hearing, the court responded: "[T]his is all very good, but we have--starting this case off, with an agreement that you and counsel for the defendant made, and signed by the defendant, and as far as I'm concerned, that is still the governing instrument here. . . .  The plea agreement is the controlling instrument."  Tr. of December 11 Hearing at 4-5.  Other examples abound.  <u>See, e.g.</u>, <u>id.</u> at 5 ("[The government], the defendant, and the defense lawyer made an agreement, and that agreement has been, in my

10

book, controlling right from the start here."); id. at 7 ("[A]s I see it at the moment, [the Agreement] overrides all else in this picture."); id. at 11 ("[Y]ou made an agreement and I'm entitled to rely on it."); id. at 15 ("I'm troubled by the government's position that I may ignore this agreement, which I don't think that I can or I may, I can, but I may not."); id. at 20 ("What is controlling in my book is the agreement. . . .").

This (improper) reliance caused the district court to misread the Agreement and, as a result, to impose a sentence inconsistent with the parties' expectations in signing the Agreement. The Agreement--by its own terms, as it was unambiguously understood by both parties, and as it was initially understood by the district court--contemplated that sentence would be imposed only *after* the district court considered the 5K1.1 letter and the § 3553(a) factors. See Agreement ¶ 2 ("The defendant understands that . . . the Guidelines are advisory and the court is required to consider any applicable Guidelines provisions [i.e., § 5K1.1] as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case."); id. ¶ 3 ("The Guidelines estimate set forth in

[P]aragraph 2 is not binding on . . . the Court.");
Transcript of Plea Colloquy at 15 (September 18, 2007)
(district court summarizing Paragraph 2 of the Agreement and
ensuring that Woltmann understood that his sentence would be
based on "any applicable guidelines together with the
factors contained in 18 U.S.C. [§] 3553(a)"); December 11
Hearing at 8 (government urging the court to impose a below-
Guidelines sentence pursuant to the 5K1.1 letter); see also
Tr. of January 22 Hearing at 4 (defense counsel emphasizing
to the court "that all of the guideline calculations were
based upon an estimate prior to any cooperation or 5K1[.1]
letter").

Moreover, the government explained to the district
court that although some plea agreements preclude both
parties from making any motions, this Agreement did not:

> This agreement does not preclude motions by any
> party.  Occasionally we will insert in these
> agreements that the parties agree that no motions
> will be filed in connection with the sentencing.
> That sentence is not in this agreement.  And since
> the signing of the agreement, Mr. Woltmann has
> cooperated, and I was--the government was simply
> trying to bring that to the Court's attention in
> formulating a sentence.

Tr. of December 11 Hearing at 15-16.  This omission was
intentional:  The government intended to preserve its

12

ability to offer a 5K1.1 letter for the court's consideration at sentencing.

Notwithstanding all this, the court concluded that, in urging consideration of the 5K1.1 letter, the parties were improperly attempting to repudiate or modify the Agreement-- and repeatedly rebuked them for doing so. See, e.g., id. at 9 ("[T]he government is changing its position here with respect to this waiver."); id. at 11 (sparring with the government and finding it necessary to "read [the Agreement] to you again because you apparently have not been reading it"); id. at 11-12 ("I never had a case where the government has made a firm agreement and then goes out and tries to modify it, in effect."); id. at 13 ("[The government is] trying to modify that agreement."); id. at 14 ("[The government] can't amend it this way, as I see it."); id. at 15 ("And to attempt to modify that agreement in this fashion I find very troubling."); id. at 16 ("I don't think that you can modify this agreement that you made here.").

In effect, the court refused to consider the 5K1.1 letter and the § 3553(a) factors on the ground that the appeal waiver and the sentencing range in the Agreement obviated anything else.  This erroneous conclusion denied

13

the parties their bargain and reasonable expectations.  In this way, the district court erred, and the appeal waiver provision is unenforceable.  Liriano-Blanco, 510 F.3d at 174; Roque, 421 F.3d at 123-24.

**B**

The district court misconstrued the Agreement as an enforceable concession by Woltmann that any sentence at or below 27 months was appropriate--without regard to any 5K1.1 letter and the § 3553(a) factors.  For example, the following colloquy took place at the December 11 hearing:

> [Prosecutor]: [T]he government does not believe that [the 5K1.1 letter] affects the plea agreement in any way.  However, when the Court moves to set a sentence under 3553(a), we ask the Court to consider a sentence below the guidelines in part because of the cooperation of Mr. Woltmann. So I think it plays a role in the second step, when you get to the 3553(a) factors.
>
> The Court: *What need do I have to get to that level when I have a plea agreement where he has consented to such and such a sentence?*
>
> [Prosecutor]: Well, what's been consented to and agreed to is the guidelines.
>
> The Court: No.  No.

14

December 11 Hearing at 6-7 (emphasis added).  Similarly:

> **[Prosecutor]:** [P]aragraph 4 of the plea agreement . . . is simply a waiver of appeal or challenge to the sentence.  All it does is set a ceiling below which there cannot be any appeal. . . .  It is not an agreement to a sentence of that length.  It is simply a waiver of appeal.  What the parties have agreed within the agreement is that the guidelines are 18 to 24 months, and then if the Court accepts that and moves from the agreement to 3553, and considers the factors under 3553, the government believes one of the factors is Mr. Woltmann's cooperation, which the government believes warrants a sentence below the 18 to 24 month guideline.
>
> **The Court:** That is a lot of double-talk when you get right down to [it].

Id. at 8.  And again:

> **[Prosecutor]:** There's an appeal waiver up to 27 months.  That was never a sentencing recommendation of the government.  There's a guideline of 18 to 24 months.  Those two facts come out of the plea agreement.  At that point when the Court enters its 3553 analysis, the guidelines [are] one of the things that the Court--one of the items that the Court looks at in formulating a sentence.  So there's a guideline of 18 to 24 months,

15

and then one of the things the Court considers--

The Court: What you're saying is that this is, I'm not entitled to rely on the agreement that the defendant has made.

[Prosecutor]: You are entitled to rely on it. He has waived his appeal and any challenge to it for a sentence up to 27 months. He agrees that the guidelines are 18 to 24 months. Those two things are agreed. But then the Court is required to move under Gall, G-A-L-L, over to the 3553.

The Court: *I don't have to do anything if I have this agreement.* Because it's not challengeable according to you, the agreement itself.

[Prosecutor]: But the agreement doesn't contain any sentencing recommendation.

The Court: The agreement says he may not challenge anything that the Court does . . . in the event the Court imposes a term of imprisonment of 27 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses . . . . You're trying to modify that agreement.

[Prosecutor]: No. The fact--

The Court: I don't think you may.

[Prosecutor]: The fact that nobody can

16

challenge it does not mean that it's the appropriate sentence or that anybody--

The Court: *It's not a question of an appropriate sentence. It is appropriate by both sides['] agreement if it's 27 months or below.*

[Prosecutor]: Well, not that it's appropriate, but that no one will appeal it or challenge it in any way.

Id. at 12-14 (emphases added).

The district court's actions "amount[ed] to an abdication of judicial responsibility," Gomez-Perez, 215 F.3d at 319, requiring us to deem the appeal waiver unenforceable. The mandate of Campo, 140 F.3d at 418-19 & n.5, and Gall, 552 U.S. at 49-51, is that a district court must consider a 5K1.1 letter and the § 3553(a) factors when formulating the appropriate sentence. Refusal to consider these things is an error categorically different from a misapplication of a guideline, or a mistake of law, or a dubious finding of fact. What happened here is in the category of error contemplated in Gomez-Perez, 215 F.3d at 319, which states that an appeal waiver is unenforceable when the district court abdicates its duties in imposing sentence.

17

**IV**

On remand, Woltmann's re-sentencing should proceed before a different district court judge.

Three considerations guide our analysis: "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." United States v. Hernandez, 604 F.3d 48, 55-56 (2d Cir. 2010) (internal quotation marks, brackets, and ellipses omitted). These considerations favor reassignment.

1. In light of the scorn with which Judge Platt approached the matters pertaining to sentencing, we have considerable doubt as to whether on remand he would give fair consideration to the 5K1.1 letter and the § 3553(a) factors. Our doubt is reinforced by events at the December 11 Hearing, when the district court considered itself to be (in terms or effect) a party to the Agreement, or a

18

beneficiary of the appeal waiver.  For example, the court declared: "I am entitled to rely on an agreement.  I want to make that abundantly clear that's my position."  Tr. of December 11 Hearing at 22; see also id. at 11 ("[The government] made an agreement and I'm entitled to rely on it.").  And: "[The government] made an agreement *with respect to all three of us.* . . ," id. at 14 (emphasis added).

The district court's strange misconception of its role vis-a-vis the parties and the Agreement may explain the court's asserted right to "rely" on the Agreement, and its conspicuous frustration at what the court viewed (erroneously) as the parties' attempt to repudiate or modify the Agreement.  It also casts doubt on the ability of the judge on remand to suppress a view of the Agreement premised on his own claim of right.

2.  In considering the appearance of justice, we must consider Judge Platt's pattern of error regarding 5K1.1 letters.  See United States v. Doe, 348 F.3d 64 (2d Cir. 2003) (per curiam); Campo, 140 F.3d 415.

3.  Finally, reassignment would not waste substantial judicial resources, because all the district court must do

on remand is what district courts do as a matter of routine: consider the 5K1.1 letter and the § 3553(a) factors, and impose sentence accordingly.

## CONCLUSION

For the foregoing reasons, we vacate the sentence and remand for re-sentencing before a different district court judge.