No. 10-0907-cr
United States v. De Los Angeles (Torres)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand ten.

PRESENT:   JOSEPH M. McLAUGHLIN,
           GERARD E. LYNCH,
                         *Circuit Judges,*
           WILLIAM K. SESSIONS III,
                         *District Judge.*[*]

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
                         *Appellee,*

            v.                                          No. 10-0907-cr

ARIEL DE LOS ANGELES and ORNEDYS GIRON,
                         *Defendants,*

DENNIS TORRES,
                         *Defendant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT:       JEREMY GUTMAN, New York, New York.

FOR APPELLEE:        CHRISTOPHER A. OTT, Assistant United States Attorney

---

[*] Honorable William K. Sessions III, Chief Judge, United States District Court for the District of Vermont, sitting by designation.

(Susan Corkery, on the brief), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Dennis Torres appeals a sentence of incarceration for 12 months and one day imposed after she pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine. See 21 U.S.C. §§ 841(b)(1), 846. We assume the parties' familiarity with the relevant facts, the procedural history of this case, and the issues presented on appeal.

Torres has waived her right to appeal. "A defendant's knowing and voluntary waiver of [her] right to appeal a conviction and sentence within an agreed upon guideline range is enforceable." United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009). In her plea agreement, Torres agreed "not to file an appeal . . . in the event that the Court imposes a term of imprisonment of 41 months or below." At the plea hearing, the district judge asked Torres whether she understood that, "by signing this agreement," she "agreed not to appeal or otherwise challenge the sentence . . . if it is 41 months or below," and again asked her if she understood that she had "the right to appeal only if . . . sentence[d] . . . to more than 41 months." Torres repeatedly affirmed that she understood. Because Torres's sentence falls well below the 41 months in the plea agreement, she may not appeal it.

Torres responds that we should not enforce the plea agreement for two reasons,

2

neither persuasive. First, citing United States v. Woltmann, 610 F.3d 37, 40 (2d Cir. 2010), she argues that the district court improperly treated the 41-month threshold in the appellate waiver provision as a concession that such a sentence would be appropriate, and thus "failed to give effect to the parties' expectations." The facts of this case do not bear out this contention. Torres had argued that she had two children and that she would therefore suffer particular harm from incarceration compared with other forms of punishment like home detention. The district judge explained that, although he regretted sentencing Torres to prison time, he felt such a sentence was necessary under 18 U.S.C. § 3553(a), because "the main concern of the court is to deal with the defendant and the crime which she committed, and there are means by which infant children . . . can be cared for if a parent is incarcerated." He added that Torres had agreed not to appeal a sentence of 41 or fewer months and so she should not be surprised to receive prison time because "[s]he knew that there was a possibility that she would go to jail if she pleaded guilty to this crime."

This is a far cry from Woltmann, where the district court treated the plea agreement's guidelines calculation and threshold for appellate waiver as compelling a certain sentencing range without regard to the § 3553(a) factors and without regard even to the government's motions to reduce the sentence. See 610 F.3d at 39, 40-41. In this case, by contrast, the district court read the plea agreement accurately; it simply made passing reference to the appellate waiver provision in response to Torres's arguments that prison time would be an unfair sentence for a mother of two like her. Far from treating the appeal waiver as a stipulated sentence, moreover, the district court sentenced Torres well below that level.

3

Under these circumstances, we cannot conclude that Torres was deprived of the benefit of her plea agreement or that the district court improperly relied on it.  See id. at 40.

Second, Torres argues that the district court improperly considered Torres's decision to have a child, thereby "intru[ding] on fundamental rights protected by the Constitution." Although we have held that certain constitutional violations may invalidate an otherwise enforceable appellate waiver, see United States v. Johnson, 347 F.3d 412, 415 (2d Cir. 2003), we find nothing of the sort here.  As noted above, it was not the district court that raised the issue of Torres's parenthood; it was Torres herself, who argued that her parenthood made her a good candidate for a low sentence.  The district judge responded by giving Torres a sentence that was significantly below the lower end of her Guidelines range, although still greater than Torres desired.  It is therefore clear that, to the extent the court considered Torres's parenthood, such consideration worked in her favor, not against her.  There was no constitutional error and certainly none of the sort that would allow us to ignore her waiver of her appellate rights.

For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4