10-2699-cr
*United States v. Peele*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of October, two thousand and twelve.

PRESENT: ROSEMARY S. POOLER,
          BARRINGTON D. PARKER,
          RICHARD C. WESLEY,
                 *Circuit Judges.*

---

UNITED STATES OF AMERICA,

               *Appellee,*

     v.                  10-2699-cr

LUKUAN PEELE,

               *Defendant-Appellant.*[1]

---

FOR APPELLANT:    DONNA R. NEWMAN, Buttermore Newman Delanney & Foltz, LLP, New York, NY.

FOR APPELLEE:    JOSEPH H. KARASZEWSKI, Assistant United States Attorney for the Western District of New York, Buffalo, NY (William J.

---

[1] The Clerk of the Court is directed to correct the caption as reflected above.

Hochul, Jr., United States Attorney for the Western District of New York, *on the brief*).

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this appeal is **DISMISSED** in part and the judgment of the district court **AFFIRMED** in part.

Defendant-Appellant Lukuan Peele appeals from a judgment of the United States District Court for the Western District of New York (Siragusa, *J.*) sentencing him to a below guidelines term of imprisonment of 288 months, a $2,000 fine, and a five-year term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

On March 23, 2007, Peele negotiated a plea agreement whereby he avoided a possible 30 year minimum sentencing exposure for two gun related offenses with his promise that, *inter alia*, he would not appeal a sentence for a drug offense within a 292-365 month range. Peele received a 288 month sentence and, despite his promise to the contrary, now appeals that sentence.

Peele asserts that his waiver is invalid because the

2009 edition of the Sentencing Guidelines were used in his sentencing calculations instead of the 2006 edition.  We conclude that the appeal waiver is valid because he received the benefit of his bargain.

An appeal waiver is presumptively valid and enforceable.  *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010).  "We have repeatedly upheld the validity of [appeal] waivers if they are knowingly, voluntarily, and competently provided by the defendant."  *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted).  While violations of fundamental rights warrant voiding appeal waivers, other meaningful errors do not.  *Id.*  "We have enforced waivers where a sentence was arguably imposed contrary to a statutory requirement."  *Id.*

The waiver stands if Peele understood the consequences of his bargain, "both in terms of what he was gaining and what he was giving up" and the sentencing court did not abdicate judicial responsibility.  *United States v. Woltmann*, 610 F.3d 37, 40 (2d Cir. 2010) (internal quotation marks and citation omitted).  "A mutual mistake concerning the proper Guidelines range is an insufficient basis to void a plea agreement."  *Riggi*, 649 F.3d at 149.

3

Here, Peele stipulated that (1) he understood that the court must consider, but is not bound by the Sentencing Guidelines, (2) the Sentencing Guidelines range set forth in the agreement was correct, and (3) notwithstanding the manner in which the court determines the sentence, he waived his right to appeal a sentence or collaterally attack any component of a sentence imposed by the court which falls within the stipulated range of 292-365 months.  Because the parties did not stipulate to the edition of the Guidelines that the parties were using, *Riggi* is not dispositive here.

But, because the sentence was within the range stipulated, we hold that the waiver is valid. Moreover, Peele stipulated that he understood that "the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the court."  (JA 34.)  "An agreement that has made such express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations is not a proper candidate for recision on the ground of mutual mistake when that possibility has come to fruition."  *United States v. Rosen*, 409 F.3d 535, 548 (2d

4

Cir. 2005).

Peele's ineffective assistance of counsel claim merits our review because the alleged ineffectiveness reflects on the voluntary nature of his plea. *See Parisi v. United States*, 529 F.3d 134, 138-39 (2d Cir. 2008). As Peele admitted in both his brief and at oral argument, the one-book rule would have resulted in a sentencing range that included the term of imprisonment that Peele actually received. We therefore reject Peele's ineffective assistance of counsel claim for want of prejudice. *See United States v.* Gordon, 156 F.3d 376, 379 (2d Cir. 1998). Because the sentence that Peele would have received is below the cap stipulated in the plea agreement and within the range that he would have been given under the 2006 guidelines, Peele's *Ex Post Facto* Clause claims are also without merit.

We have considered Peele's remaining arguments and, after a thorough review of the record, find them to be without merit

For the foregoing reasons, the appeal is **DISMISSED** in part and judgment of the district court is **AFFIRMED** in part.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

By: