11-5468-cr
United States v. Doe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand twelve.

PRESENT:  DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
          CHRISTOPHER F. DRONEY,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                                    11-5468-cr

JOHN DOE,
          <u>Defendant-Appellant</u>.

- - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                Andrea L. Surratt, Brent S. Wible,
                             Assistant United States Attorneys,
                             <u>for</u> Preet Bharara, United States
                             Attorney for the Southern District
                             of New York, New York, New York.


FOR DEFENDANT-APPELLANT:     Adam D. Perlmutter, Law Offices of
                             Adam D. Perlmutter, P.C., New York,
                             New York.

          Appeal from a judgment of the United States District

Court for the Southern District of New York (Scheindlin, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** to the district court for further consideration of the sentence and, if the district court determines it to be necessary, for resentencing.

Defendant-appellant John Doe appeals from the district court's judgment of conviction entered on July 21, 2011. Doe pled guilty, pursuant to a cooperation agreement, to: (1) conspiracy to distribute cocaine, heroin, and marijuana; (2) possession with intent to distribute oxycodone; (3) extortion under color of official right; (4) loansharking; and (5) misuse of a passport, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), 846, and 18 U.S.C. §§ 894, 1544, 1951(a). He was sentenced principally to 60 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

On appeal, Doe argues that the district court erred in increasing his offense level based on disclosures he made pursuant to a cooperation agreement with the government. Because Doe concedes that he did not object to his offense level calculation, we review his claim for plain error. See Fed. R. Crim. P. 52(b); Puckett v. United States, 556 U.S. 129, 134-35 (2009). An appellate court may, in its discretion, correct an error not raised before the district court when, inter alia, the error is plain and it affects substantial rights. Puckett, 556 U.S. at 135.

Here, we conclude that no error was committed.  Plea agreements are interpreted according to principles of contract law.  See United States v. Woltmann, 610 F.3d 37, 39 (2d Cir. 2010).  Doe's plea agreement provided:

> [The U.S. Attorney's] Office will inform the Probation Department [("Probation")] and the [district court] of (a) this Agreement; (b) the nature and extent of [Doe's] activities with respect to this case and all other activities of [Doe] which this Office deems relevant to sentencing. . . .  In so doing, this Office may use any information it deems relevant, including information provided by [Doe] both prior to and subsequent to the signing of this Agreement.

(A. 16 (emphasis added)).  The agreement thus expressly stated that, for the purposes of sentencing, the government could inform Probation and the district court of Doe's activities through information provided by Doe himself.  Section 1B1.8 of the Sentencing Guidelines, which permits the government to agree to disregard admissions offered by a defendant in the course of cooperation, is thus inapplicable here.  See U.S.S.G. § 1B1.8(a) ("Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement.").  Instead of agreeing to disregard such admissions, here the government specifically retained the right to bring Doe's admissions to the attention of the court.

-3-

As the government acknowledges on appeal, however, the district court made a mathematical error in its guidelines calculation. Adopting the quantity determination in the presentence report, to which neither side objected below, the district court determined that the drugs involved in Doe's offenses were equivalent to 11,074 kilograms of marijuana when the equivalent quantity was actually 9,074 kilograms of marijuana. Hence, Doe's sentencing range should have been 108 to 135 months' imprisonment rather than 135 to 168 months. As we cannot be sure whether the district court would have imposed the same sentence of 60 months' imprisonment had it started from the correct guidelines range, we remand to the district court for further consideration of Doe's sentence and to determine whether, in light of the corrected range, resentencing is necessary. See United States v. Ahders, 622 F.3d 115, 123 (2d Cir. 2010) (per curiam).

We have considered Doe's remaining arguments and find them to be without merit. Accordingly, we hereby **REMAND** to the district court for further consideration of the sentence in light of the mathematical error referenced above, and, if the district court determines it to be necessary, for resentencing.

In the interest of judicial economy, this panel will retain jurisdiction over any subsequent appeal; either party may notify the Clerk of a renewed appeal within fourteen days of the district court's decision. See United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-4-