11-5282-cr                                    .
United States v. Nguyen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 25th day of January, two thousand thirteen.

Present:    ROBERT A. KATZMANN,
            RAYMOND J. LOHIER, JR.,
                    *Circuit Judges,*
            JED S. RAKOFF,[*]
                    *District Judge*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v -                          No. 11-5282-cr

HO DUC NGUYEN, AKA AH WAH,WILLIAM NAGATSUKA, AKA JAPANESE WILLIAM, SUI MIN MA, AKA FRANK MA, AKA MA GOR, PAUL CAI, BING YI CHEN, AKA AH NGAI,

                    *Defendants,*

and

LUYEN DAO NGUYEN, AKA AH WING, AKA AH WREN,
                    *Defendant-Appellant*.

_____

        [*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:    STEPHEN MARZEN (Jason M. Swergold and Sue Kim, *on the brief*), Shearman & Sterling LLP, Washington, DC

For Appellee:    PAUL M. MONTELEONI (Brent S. Wible, *on the brief*), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York

Appeal from a judgment of the United States District Court for the Southern District of New York (Batts, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Luyen Dao Nguyen appeals from a December 14, 2011, judgment of conviction entered in the United States District Court for the Southern District of New York (Batts, *J.*), following his plea of guilty to one count of participation in a racketeering enterprise in violation of 18 U.S.C. § 1962(d) and one count of murder while engaged in a narcotics offense in violation of 21 U.S.C. § 848(e)(1)(A). The district court principally sentenced him to 400 months of imprisonment, a sentence within the federal Sentencing Guidelines range. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Nguyen challenges both the procedural and substantive reasonableness of his sentence.[1] We review sentences for "unreasonableness," which "amounts to review for abuse of discretion." *United States v. Cavera*, 550 F.3d 180, 187 (2d Cir. 2008) (en banc).

Nguyen contends that his sentence is procedurally unreasonable because the district court did not consider the mitigation evidence relating to his troubled childhood and his rehabilitation prior to his arrest. However, "we entertain a strong presumption that the sentencing judge has

---

[1]Nguyen also challenges the sentencing appeal waiver in the plea agreement that he executed, arguing that the waiver is unenforceable. The government does not seek to enforce the appeal waiver. Accordingly, we reach the merits of Nguyen's arguments here.

considered all arguments properly presented to her, unless the record clearly suggests otherwise." *United States v. Fernandez*, 443 F.3d 19, 29 (2d Cir. 2006). Here, the record contains no such clear suggestion.

Nguyen's reliance on *United States v. Woltmann*, 610 F.3d 37 (2d Cir. 2010), is misplaced. There, the district court explicitly refused to consider material that was relevant to the sentencing. *Id*. at 38. Here, the district court listened to oral argument with respect to the mitigation evidence and stated that it had received the written materials submitted by the defendant. Indeed, the district court indicated that it had considered the mitigation evidence offered by the defense, acknowledging that "the defendant indeed had a harrowing life experience and deprivation as a child" and that "the defendant has made efforts at living a life without crime for several years before his arrest on these charges in 2003." App'x 173-74. At no point did the district court suggest that it would not or did not consider the mitigation evidence. Nguyen fails to overcome the strong presumption that the district court considered the argument that he presented with respect to mitigation.

Nguyen contends that his sentence is substantively unreasonable because the district court placed undue weight on the sentence of Nguyen's co-defendant, Paul Cai. Nguyen principally argues that his sentence should have been similar to Cai's and that the district court should not have sentenced Nguyen to a longer period of imprisonment based on his more extensive criminal history. "We do not, as a general matter, object to district courts' consideration of similarities and differences among co-defendants when imposing a sentence." *United States v. Frias*, 521 F.3d 229, 236 n.8 (2d Cir. 2008) (quoting *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007), *abrogated on other grounds as recognized by Cavera*, 550 F.3d

3

180).  Indeed, "it is appropriate for a district court, relying on its unique knowledge of the totality of the circumstances of a crime and its participants, to impose a sentence that would better reflect the extent to which the participants in a crime are similarly (or dissimilarly) situated and tailor the sentences accordingly."  *Wills*, 476 F.3d at 110 (emphases omitted).  The district court did so here, and neither its consideration of Cai's sentence nor the final sentence that it imposed is substantively unreasonable.

We decline to reach Nguyen's argument, made for the first time in his reply brief, that the sentence is procedurally unreasonable because it rests on clearly erroneous findings of fact.  *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) ("[W]e ordinarily will not consider issues raised for the first time in a reply brief.").

We have considered defendant's remaining arguments and find them to be without merit.  Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4