13-1555-cr
United States v. Nicholson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of May, two thousand fourteen.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
                  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

          -v-                                             13-1555-cr

JAMES NICHOLSON,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Donald Mark Thompson, Easton Thompson Kasperek Shiffrin LLP, Rochester, N.Y.

Appearing for Appellee:     Joseph J. Karaszewski, Assistant United States Attorney, (William J. Hochul, United States Attorney for the Western District of New York, *on the brief*), Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

James Nicholson appeals from the April 16, 2013 judgment of the United States District Court for the Western District of New York (Geraci, *J.*) sentencing him principally to 57 months' imprisonment following his guilty plea to five counts of bank robbery in violation of 18 U.S.C. § 2113(a). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Waivers of the right to appeal a sentence are presumptively enforceable. *United States v. Gomez–Perez*, 215 F.3d 315, 319 (2d Cir. 2000). "Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *United States v. Granik*, 386 F.3d 404, 412 (2d Cir. 2004) (internal quotation marks omitted). "A violation of a fundamental right warrants voiding an appeal waiver." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011). "On the other hand, other meaningful errors are insufficient to void an appeal waiver." *Id.*

Nicholson argues that his appellate waiver should not be enforced because the district court "relied on improper reasons" in denying a downward departure based on the government's Section 5K1.1 motion. Specifically, Nicholson argues that the district court was not aware that it could downwardly depart based on the 5K1.1 motion notwithstanding the fact that Nicholson had received other consideration for his cooperation in his plea agreement. Relying on *United States v. Woltmann*, 610 F.3d 37 (2d Cir. 2010), he argues this failure constituted an "abdication of judicial responsibility and failure to recognize sentencing discretion."

Nicholson's reliance on *Woltmann* is misplaced. In *Woltmann* the district court based its sentence solely on the range agreed to in the plea agreement, refusing to consider either the Section 3553(a) factors or a Section 5K1.1 motion in support of a downward departure. 610 F.3d at 42-43. Indeed, the *Woltmann* court accused the parties of "improperly attempting to repudiate or modify" the plea agreement by even filing the 5K1.1 motion. *Id.* at 41. We declined to enforce the appeal waiver there because the district court "refused to consider the 5K1.1 letter and the § 3553(a) factors on the ground that the appeal waiver and the sentencing range in the Agreement obviated anything else." *Id.* at 42.

Here, however, the district court acknowledged that the government had moved for a downward departure based on Nicholson's cooperation. The sentencing colloquy makes clear that the district court simply chose not to downwardly depart based on either the 5K1.1 motion or the defendant's sentencing memorandum. Instead, the district court concluded that the "facts and circumstances of this case" did not warrant a lesser sentence. This does not rise to the level of "an abdication of judicial responsibility," *Woltmann*, 610 F.3d at 43 (internal quotation marks omitted), or "being sentenced entirely at the whim of the district court," *United States v. Buissereth*, 638 F.3d 114, 118 (2d Cir. 2011) (internal quotation marks omitted).

We have examined the remainder of Nicholson's arguments and find them to be without merit. Accordingly, the appeal is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk