14-1977-cr
United States v. Ukrainsky

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand and fifteen.

Present:
PETER W. HALL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
JEFFREY ALKER MEYER,
*District Judge*.[*]

UNITED STATES OF AMERICA,

      *Appellee*,

      v.                                  No. 14-1977-cr

LILIYA UKRAINSKY,

      *Defendant–Appellant*.

| | |
|---|---|
| For Defendant-Appellant: | Michael Baldassare, Baldassare & Mara, LLC, Newark, NJ. |
| For Appellee: | Christopher D. Frey and Brian A. Jacobs, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York. |

---

[*] Hon. Jeffrey Alker Meyer, United States District Court for the District of Connecticut, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Liliya Ukrainsky ("Ukrainsky") appeals from a May 28, 2014 judgment of conviction entered in the United States District Court for the Southern District of New York (Griesa, *J.*), on guilty pleas to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and one count of mail fraud in violation of 18 U.S.C. § 1341. Ukrainsky participated in a scheme to defraud the Conference on Jewish Material Claims Against Germany, a nonprofit organization that administers reparation funds for Jewish victims of Nazi persecution. The district court sentenced Ukrainsky principally to eighteen months' imprisonment followed by two years' supervised release, to be served concurrently on each count. Ukrainsky challenges the procedural and substantive reasonableness of her sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I. Procedural Reasonableness**

Procedural review "focus[es] primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir. 2005). Moreover, because Ukrainsky raises her procedural objections for the first time on appeal, we review only for plain error. *United States v. Villafuerte*, 502 F.3d 204, 207–08 (2d Cir. 2007). To establish plain error, Ukrainsky must demonstrate "(1) error (2) that is plain and (3) affects substantial rights." *Id.* at 209. This court will exercise its discretion to correct such error if the error meets those initial requirements and it

"seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (internal citation and quotation marks omitted).

### A. The Guidelines Range Calculation

First, Ukrainsky argues that the district court failed to calculate the Guidelines range or, in the alternative, that the court was mistaken about facts underlying its calculation. Ukrainsky points out that the court did not affirmatively state the Guidelines range or Ukrainsky's specific charges and asked counsel questions about what the Guidelines range was, the number of counts, and the amount of money Ukrainsky personally stole. It is true that "the Guidelines should be the starting point and the initial benchmark" for the district court at sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). But the fact that the district court did not affirmatively state the Guidelines range does not by itself show that the court did not consider the range as required. *See United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008) ("[W]e will not assume, simply from the fact that the district court did not reference the 5– to 11–month sentencing range provided in U.S.S.G. § 7B1.4(a), that it failed to satisfy its § 3553(a)(4)(B) obligation."). To the contrary, the Presentence Investigation Report, which Ukrainsky did not challenge, informed the court of the applicable Guidelines range. At sentencing, counsel specifically informed the district court of the applicable Guidelines range more than once. The district court also acknowledged that it had considered the Guidelines range when it imposed Ukrainsky's below-Guidelines sentence, noting that it found the Guidelines range "excessive." J.A. 45.

Ukrainsky also argues that the district court's questions at sentencing and its failure to state Ukrainsky's specific charges reveal unfamiliarity with the Guidelines range and show that the Guidelines calculation was somehow flawed. We are not persuaded. In calculating the Guidelines range, the Probation Office correctly combined Ukrainsky's two counts in accordance

3

with U.S.S.G. § 3D1.2(d) and calculated loss as represented by the total loss attributable to Ukrainsky under U.S.S.G. § 2B1.1(b)(1)(I). Thus, even assuming the district court's questions showed that it was mistaken about certain facts, the Guidelines calculation accurately reflected the facts. Further, Ukrainsky herself did not dispute the Probation Office's Guidelines calculation. Her argument on appeal that the undisputed Guidelines range calculation was flawed is unfounded.

**B. The District Court's Consideration of the § 3553(a) Factors and its Explanation of Ukrainsky's Sentence**

Ukrainsky argues the district court's explanation of her sentence was insufficient to show that it properly considered the government's § 5K1.1 letter and a number of the 18 U.S.C. § 3553(a) factors. Although the district court's explanation of the sentence was not particularly robust, it was sufficient, and Ukrainsky's argument fails.

"As we have often said, we do not require robotic incantations that the district court has considered each of the § 3553(a) factors." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (internal quotation marks omitted). "[W]e presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006).

Ukrainsky conflates her observation that the district court did not discuss specific statutory factors on the record with a conclusion that the district court did not *consider* the statutory factors. While the district court's explanation was brief, it was sufficient to meet the goals of procedural review. In fact, the record shows the district court affirmatively "considered the principles enunciated in federal statutes and the Guidelines," *United States v. Corsey*, 723 F.3d 366, 374 (2d Cir. 2013) (per curiam), including the specific statutory factors Ukrainsky raises on appeal. The district court explained how Ukrainsky's sentence reflected the nature of

the offense when it noted that her conduct was "long-lasting, extensive . . . a substantial producer of fraud," that it took place "over a period of a number of years," and that it was "serious and substantial." J.A. 40, 45. The court also related its understanding that Ukrainsky stole "very substantial amounts of money" and "participated in a knowing and contrived way in that fraud." J.A. 44, 45. Referring to Ukrainsky's personal characteristics, the court acknowledged the "many fine aspects [of] her character and her activities." J.A. 45. The court addressed the need for the sentence imposed and the kinds of sentences available, explaining that "it is impossible to have this case go by without some meaningful penalty and the only meaningful penalty in my view is a prison term." J.A. 45. The court also discussed the Guidelines range as it imposed Ukrainsky's below-Guidelines 18-month sentence, explaining that "[t]he [G]uidelines in these cases are excessive." J.A. 45. While brief, the district court's explanation was sufficient for this court "to ensure that [it] actually consider[ed] the statutory factors and reach[ed a] reasoned decision[]." *Cavera*, 550 F.3d at 193.

With respect to the government's § 5K1.1 letter, Ukrainsky's argument is similarly problematic. We have held that a district court may not abdicate its judicial responsibility by "refus[ing] to consider" the government's assertion of substantial assistance. *United States v. Woltmann*, 610 F.3d 37, 42 (2d Cir. 2010). Here, however, the court began the sentencing hearing by granting the Government's motion to impose a sentence in accordance with U.S.S.G. § 5K1.1. Ukrainsky's counsel then discussed at some length Ukrainsky's cooperation with the Government and the § 5K1.1 letter. The district court affirmed that Ukrainsky's mitigation arguments were "relevant to the defendant's situation," J.A. 40, and it ultimately sentenced Ukrainsky to 18 months' imprisonment—substantially below the Guidelines range of 41 to 51

months. Given these circumstances, it was not plain error for the district court to refrain from discussing the specific effect of the Government's letter on Ukrainsky's sentence.

**II. Substantive Reasonableness**

Review for substantive reasonableness addresses "the length of the sentence imposed in light of the [statutory] factors," *Villafuerte*, 502 F.3d at 206, under a "deferential abuse-of-discretion standard," *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). This court will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and emphasis omitted). A sentence falls outside the range of permissible decisions when, "although procedurally correct, [affirming] would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). And while a within-Guidelines sentence is "not presumptively reasonable, we have noted that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (internal quotation marks omitted).

Ukrainsky claims her sentence is substantively unreasonable because of disparities between Ukrainsky's and other co-defendants' sentences and because of the procedural errors she alleges. Neither argument succeeds. First, even leaving aside the difficulties of meaningful comparison among co-defendants, the district court was not required to consider Ukrainsky's co-defendants' sentences when determining her sentence. *United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008) ("[S]ection 3553(a)(6) requires a district court to consider nationwide sentencing disparities, but does not require a district court to consider disparities between co-defendants.").

6

Finally, because Ukrainsky's arguments as to procedural errors fail, so too does her argument that these alleged procedural deficiencies somehow render her sentence substantively unreasonable.

**III. Conclusion**

We have considered Ukrainsky's remaining arguments and find them to be without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK