United States v. Bobbitt

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
　　　　　ROSEMARY S. POOLER,
　　　　　PETER W. HALL,
　　　　　　　　　Circuit Judges.

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA,

　　　　　Appellee,

　　-v.- 　　　　　　　　　　　　　　14-2272

BRANDON BOBBITT,

　　　　　Appellant.

- - - - - - - - - - - - - - - - X

FOR APPELLANT:　　　　　　Ryan Thomas Truskoski,
　　　　　　　　　　　　　　Harwinton, Connecticut.

FOR APPELLEE:　　　　　　Stephan J. Baczynski, for
　　　　　　　　　　　　　　William J. Hochul, Jr., United
　　　　　　　　　　　　　　States Attorney for the Western
　　　　　　　　　　　　　　District of New York, Buffalo,
　　　　　　　　　　　　　　New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED**.

Brandon Bobbitt appeals from the judgment of the United States District Court for the Western District of New York (Arcara, J.), sentencing him after his guilty plea principally to 210 months' imprisonment. On appeal, Bobbitt challenges the procedural reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Bobbitt waived his right to appeal a sentence that falls within the range of sentences specified in the plea agreement. "Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted). Bobbitt does not contend that his appeal waiver was not made knowingly, that his sentence was based on constitutionally impermissible factors, or that the government has breached its agreement. See United States v. Buissereth, 638 F.3d 114, 117-18 (2d Cir. 2011) (setting out limits on enforceability of appeal waiver but finding appeal waiver "preclude[s] this Court from correcting the [procedural] errors alleged to have occurred below").

Bobbitt contends that the district court focused on the appeal waiver to the exclusion of appropriate sentencing considerations under 18 U.S.C. § 3553(a). Cf. United States v. Woltman, 610 F.3d 37, 42 (2d Cir. 2010) (finding district court "refused to consider the 5K1.1 letter and the § 3553(a) factors on the ground that the appeal waiver and the sentencing range in the Agreement obviated anything else."). The record does not support the contention that the court failed to consider the relevant circumstances. Nor did the district court defeat the parties' reasonable expectations: Bobbitt was sentenced to a term of incarceration at the high-end of the range contemplated in his plea agreement. Cf. United States v. Borrego, 388 F.3d 66, 69 (2d Cir. 2004) ("[D]isputes about applicable guidelines need not be resolved where the sentence falls within either of two arguably applicable guideline ranges and the same sentence would have been imposed under either guideline range." (internal quotation marks omitted)).

2

For the foregoing reasons, and finding no merit in Bobbitt's other arguments, we hereby **DISMISS** the appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK