12-3055-cr
*United States v. Tarbell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term, 2013

(Submitted On: August 19, 2013)                    Decided: August 26, 2013)

Docket No. 12-3055-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

HUEY TARBELL,

*Defendant-Appellant.*

Before: CABRANES, STRAUB, and CARNEY, *Circuit Judges.*

In this appeal we consider whether a plea was "voluntary," as required by Federal Rule of Criminal Procedure 11(b)(2), even though the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*) did not inquire into a separate confidential cooperation agreement before accepting defendant's plea. On the facts of this case, we conclude that the District Court did not "plainly err" by accepting defendant's plea in open court without referencing the separate confidential cooperation agreement. We also reject defendant's claim that the government breached the confidential cooperation agreement by failing to move for a downward departure in his sentence. Finally, we dismiss his claim that his counsel was constitutionally ineffective during the sentencing phase of the proceeding without prejudice to the filing, in due course, of a § 2255

1

petition. Accordingly, we conclude that defendant's arguments lack merit and **AFFIRM** the judgment of the District Court.

Steven Y. Yurowitz, Newman & Greenberg, New York, NY, *for Huey Tarbell.*

Carla B. Freedman, Brenda K. Sannes, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, *for the United States of America.*

JOSÉ A. CABRANES, *Circuit Judge*:

In this appeal we consider whether a plea was "voluntary," as required by Federal Rule of Criminal Procedure 11(b)(2),[1] even though the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*) did not inquire into a separate confidential cooperation agreement before accepting defendant's plea. On the facts of this case, we conclude that the District Court did not "plainly err" by accepting defendant's plea in open court without referencing the separate confidential cooperation agreement. We also reject defendant's claim that the government breached the confidential cooperation agreement by failing to move for a downward departure in his sentence. Finally, we dismiss his claim that his counsel was constitutionally ineffective during the sentencing phase of the proceeding without prejudice to the filing, in due course, of a § 2255 petition. Accordingly, we affirm the judgment of the District Court.

## I.    BACKGROUND

Defendant-appellant Huey Tarbell ("Tarbell" or "defendant") appeals from a July 16, 2012 judgment of conviction entered by the District Court. Tarbell was indicted on April 27, 2011, along

---

[1] Rule 11(b)(2) of the Federal Rules of Criminal Procedure requires that "[b]efore accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."

2

with numerous co-defendants, for conspiring to distribute and possess, with the intent to distribute, 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On December 21, 2011, Tarbell entered into separate plea and confidential cooperation agreements with the government relating to his role in the drug conspiracy.

The *plea agreement* provided that, in exchange for Tarbell pleading guilty, the government would charge Tarbell by information with one count of conspiracy to possess with the intent to distribute and to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Pursuant to that charge, and due to his prior felony conviction for a drug offense, Tarbell would face a mandatory minimum term of ten years' imprisonment, rather than a mandatory minimum term of twenty years' imprisonment that he faced under the original indictment.

On the assumption that Tarbell would assist the government's investigations of drug trafficking activity, the *confidential cooperation agreement* stated that

> [a]t or before the time of sentencing, the U.S. Attorney's Office will advise the Court of the nature and extent of the cooperation and assistance provided by the Defendant pursuant to this Agreement. If the U.S. Attorney's Office determines, in its sole discretion, that the Defendant has provided "substantial assistance" in the investigation or prosecution of other persons who have committed offenses, it may, in its sole discretion, credit the defendant in one or more of the following ways: (i) move for a downward departure pursuant to either or both U.S.S.G. § 5K1.1[2] and/or 18 U.S.C. § 3553(e)[3]; or (ii) move to dismiss one or more allegations filed pursuant to 21 U.S.C. § 851 concerning the defendant's conviction for one or more felony drug offenses that trigger the enhanced penalty provisions of 21 U.S.C. § 841(b)(1). However, the U.S. Attorney's Office has not promised that such motion(s) for departure or to dismiss will be made. Whether and how to credit any proffered cooperation and assistance is within the sole discretion of the U.S. Attorney's Office.

---

[2] U.S.S.G. § 5K1.1 provides, in pertinent part, that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

[3] 18 U.S.C. § 3553(e) states, in relevant part, that "[u]pon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense."

Cooperation Agreement, p. 3 ¶ 3(c).

Both agreements were sent to the District Court, but the confidential cooperation agreement was not filed, either on the Court's public docket or under seal. Tarbell then pleaded guilty, in open court, before the District Court on January 20, 2012. Pursuant to Federal Rule of Criminal Procedure 11(b)(2), the District Court engaged in a colloquy with Tarbell to determine whether his plea was knowing and voluntary. In particular, the District Court told Tarbell that "as it stands right now" it was "bound" to sentence him to a statutory minimum of 120 months' imprisonment; after informing Tarbell of this fact, the District Court asked him whether, having been "informed of the penalties," he was still pleading guilty freely and voluntarily. Def. App'x 41. Tarbell responded that he was. *Id.* The District Court also asked whether "there [had] been anybody at all, apart from the plea agreement, that made some promise to you in return for pleading guilty?" *Id.* at 42. Defendant answered "No." *Id.* Defendant responded that he understood that, as part of the plea agreement, he would waive any right to appeal a sentence of 120 months. *Id.* at 40. The confidential cooperation agreement was not mentioned during the plea proceeding.

On July 9, 2012, prior to defendant's sentencing, the government filed a "confidential letter" with the District Court that it would not move for a downward departure under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), because Tarbell had not provided "substantial assistance" to the government's drug trafficking investigations. The government explained that

> [t]o date, the Defendant has provided no assistance to the DEA or any Government entity . . . substantial or otherwise. The Defendant has neither made controlled purchases of narcotics nor introductions of undercover agents to drug traffickers; he has provided no information that has led to the execution of search warrants or even the identification of drug trafficking locations. Thus, the Government has not and cannot move this Court for a downward departure, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), from the statutory mandatory minimum sentence and advisory Sentencing Guidelines range in this case at sentencing as the Defendant did not provide any assistance in spite of the numerous opportunities provided to him by law enforcement.

Gov't Letter to the District Court ("Ltr."), July 9, 2012, p. 3 (emphasis removed from original).

Consistent with this view, the government requested that the District Court impose the ten-year

mandatory minimum sentence on Tarbell. The District Court sentenced Tarbell to a term of 120

months' imprisonment on July 16, 2012.

This appeal followed.

## II.  DISCUSSION

On appeal, Tarbell argues that his guilty plea must be revoked, insofar as it was not

"voluntary," as required by Rule 11(b)(2), *see* note 1, *ante*, because the District Court did not question

him about the confidential cooperation agreement during his guilty plea.[4] Tarbell also argues that

the government breached the confidential cooperation agreement by not allowing him to cooperate

and that his counsel was constitutionally ineffective during the sentencing phase of the proceeding.

We address these arguments in turn.

### A.

"The nature of the inquiry required by Rule 11 must necessarily vary from case to case," and

is not subject to "any general guidelines other than those expressed in the Rule itself." *McCarthy v.*

*United States*, 394 U.S. 459, 467 n.20 (1969). By its terms, "[a] variance from the requirements of

[Rule 11] is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Where a

defendant "never sought to withdraw his plea, and did not object at any time or in any way to the

alleged Rule 11 violation in the district court, we review [his claims on appeal] for 'plain error.'"

---

[4] The government argues that since defendant's agreement included a waiver of his right to appeal his sentence, he cannot now challenge that voluntariness of that agreement. It is true that we have repeatedly held that "[w]aivers of the right to appeal a sentence are presumptively enforceable," but we have done so on the premise that they are "knowingly, voluntarily, and competently provided by the defendant." *United States v. Riggi*, 649 F.3d 143, 147 (2d Cir. 2011) (internal quotation marks omitted). Here, of course, defendant challenges that very premise. Given our holding in this case, we need not reach the specific issue of whether a defendant who has waived his right to appeal a plea may do so on grounds that the plea itself was not entered into knowingly, voluntarily, and competently. *Id.* (noting that "[a] violation of a fundamental right warrants voiding an appeal waiver" but that "other meaningful errors are insufficient to void an appeal waiver").

5

*United States v. Espinal*, 634 F.3d 655, 658 (2d Cir. 2011).  The Supreme Court has instructed that a finding of "plain error" requires that

> (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (internal quotation marks and brackets omitted); *see United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (same).  In other words, "[t]o be plain, an error of the district court must be obviously wrong in light of existing law."  *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted).  "In the context of a Rule 11 violation, to show plain error, a defendant must establish that the violation affected substantial rights and that there is a reasonable probability that, but for the error, he would not have entered the plea."  *Espinal*, 634 F.3d at 658 (internal quotation marks omitted).

Having conducted a *de novo* review of the record, we conclude that Tarbell has not met his burden of demonstrating plain error with respect to the District Court's acceptance of his plea.  The District Court made it clear at the plea proceeding that it was "bound" to apply a mandatory minimum ten-year sentence under the plea agreement and the sentencing guidelines, and there is no evidence that the plea agreement was superseded by the confidential cooperation agreement, or otherwise dependent on the latter instrument.  Indeed, the plain terms of the confidential cooperation agreement, which, like the plea agreement, we examine under principles of contract law, *see United States v. Woltmann*, 610 F.3d 37, 39 (2d Cir. 2010) (plea agreements); *United States v. Gregory*, 245 F.3d 160, 165 (2d Cir. 2001) (cooperation agreements), made clear that "the U.S. Attorney's Office ha[d] not promised that such motion(s) for departure or to dismiss w[ould] be made.  Whether and how to credit any proffered cooperation and assistance [wa]s within the *sole discretion* of the U.S. Attorney's Office."  Cooperation Agreement, p. 3 ¶ 3(c) (emphasis supplied); *see United*

6

*States v. Basket*, 82 F.3d 44, 49 (2d Cir. 1996) (rejecting defendant's "argument on appeal that his belief that a § 5K1.1 letter would be automatic . . . [where] he entered into the written Agreement which contradicted that belief"). In addition, the District Court ensured that defendant was "fully aware of the *direct* consequences" of his guilty plea, *Youngs*, 687 F.3d at 60 (quoting *Brady v. United States*, 397 U.S. 742, 755 (1970)) (emphasis in *Youngs*)—namely, that he would receive a ten-year mandatory minimum term of imprisonment. Accordingly, defendant's "plea agreement was neither impermissibly coerced nor contractually invalid." *United States v. Brunetti*, 376 F.3d 93, 96 (2d Cir. 2004). In fact, absent the plea, defendant would have faced a mandatory minimum term of *twenty* years' imprisonment. *Id.* at 95 (noting that defendant had received the benefit of the bargain where he "decided to trade a guilty plea for a *chance* at a reduced sentence") (emphasis in original).

We note that the District Court's decision not to discuss the confidential cooperation agreement in open court is perfectly understandable and appropriate, especially considering that such a discussion in open court can endanger the life of a defendant by revealing his intent to cooperate with the government; that said, the better practice in these circumstances would have been for the District Court to use one of the "various tools at [its] disposal to reduce if not eliminate the risks that may arise from fulfilling [its] obligation to ensure that the defendant understands the range of potential penalties," rather than simply "remaining completely silent about such [a] [cooperation] agreement." *United States v. Rodriguez*, --- F.3d ----, 2013 WL 4016525, at *5 (2d Cir. Aug. 8, 2013); *cf. In re City of New York*, 607 F.3d 923, 948-49 (2d Cir. 2010) (discussing court procedures where "filing documents under seal may inadequately protect particularly sensitive documents"). These tools include closing the courtroom during plea proceedings, sealing the transcript of such proceedings, and issuing rulings under seal. *See Rodriguez*, 2013 WL 4016525, at *5; *Gregory*, 245 F.3d at 162.

Although it would have been preferable for the District Court to use these "various tools," Tarbell has not shown a "reasonable probability that, but for [any] error, he would not have entered the plea." *Espinal*, 634 F.3d at 658 (internal quotation marks omitted). Accordingly, the District Court did not plainly err in accepting Tarbell's plea.[5]

**B.**

Tarbell also argues that the government breached the cooperation agreement by not making in good faith a substantial assistance motion on his behalf prior to sentencing. Appellant's Br. 22. Upon a *de novo* review of the record, we disagree.

"The extent of our review of the government's decision not to file a substantial assistance motion depends on whether the defendant acted pursuant to a cooperation agreement." *United States v. Roe*, 445 F.3d 202, 207 (2d Cir. 2006). "Defendants who have no cooperation agreements are entitled to assurance that the government's motion is not withheld for some unconstitutional reason." *Id.* (internal alteration and quotation marks omitted). "In the absence of such constitutionally impermissible action, we cannot disturb the government's decision because the government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" *Id.* (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)).[6] "If, under the terms of [a] [cooperation] agreement, the government has discretion to determine the extent of the defendant's assistance, we review whether the prosecutor has made its determination in good faith . . . [which]

---

[5] Defendant also raises a claim based on Federal Rule of Criminal Procedure 11(c)(2). That provision provides that "[t]he parties must disclose [a] plea agreement in open court when the plea is offered, unless the court for good cause allows the parties to disclose the plea agreement in camera." *Id.* It is not directly implicated here, however, where the *plea* agreement was disclosed in open court but the *cooperation* agreement was not. In any event, for the reasons already stated, *see* Part II.A, *ante*, the District Court did not plainly err in accepting defendant's plea.

[6] It bears mention that this is *not* a case "where a plea agreement provides that the government will file a section 3553(e) motion if it determines that the defendant has provided substantial assistance," *Roe*, 445 F.3d at 207 (internal quotation marks omitted), and would demand "more searching" review, *id.* Rather, the defendant here entered into a plea agreement that was independent of the terms of his cooperation agreement.

demands only that the government have honest dissatisfaction with the defendant's efforts." *Id.* (internal quotation marks omitted).

There are no allegations here that the government engaged in constitutionally impermissible action, nor do we find any evidence that the government did not act in good faith. *See* note 7, *post.* Accordingly, we decline to "disturb the government's decision."[7] *Roe*, 445 F.3d at 207.

## C.

Finally, Tarbell claims that his counsel was constitutionally ineffective during the sentencing phase of the proceedings, arguing that defense counsel was "unaware" of an issue with defendant's cooperation and "simply stood by in silence" during sentencing. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). Among these options, the Supreme Court has instructed that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Morris*, 350 F.3d at 39 (noting a "baseline aversion to resolving ineffectiveness claims on direct review" (internal quotation marks omitted)). In light of these principles, we decline to consider defendant's ineffective assistance claim at this time and dismiss that claim, without prejudice to the filing, in due course, of a § 2255 petition.

---

[7] To the extent that defendant claims he is entitled to a hearing, "[a] 'fairly simple' procedure is used to determine whether an evidentiary hearing on the issue of good faith is warranted: When a defendant claims that the government has acted in bad faith in refusing to move for a downward departure, the government may rebut this allegation by explaining its reasons for refusing to depart. The defendant must then make a showing of bad faith to trigger some form of hearing on that issue." *Roe*, 445 F.3d at 208 (internal quotation marks omitted). As already noted, the government explained that it refused to move for a downward departure because defendant "neither made controlled purchases of narcotics nor introductions of undercover agents to drug traffickers; he has provided no information that has led to the execution of search warrants or even the identification of drug trafficking locations." Ltr., p. 3. Defendant has not, in response, set forth any showing of bad faith by the government. Accordingly, we conclude that he was not entitled to an evidentiary hearing on the matter.

**CONCLUSION**

We have considered all of Tarbell's arguments on appeal and find them to be without merit. We conclude that:

(1) Inasmuch as the District Court did not refer to defendant's separate cooperation agreement at his plea hearing, it did not commit "plain error," where his plea agreement did not depend on the cooperation agreement.

(2) The government did not breach its cooperation agreement with defendant.

(3) We dismiss Tarbell's ineffective assistance claims, without prejudice to the filing, in due course, of a § 2255 petition.

For these reasons, we **AFFIRM** the July 16, 2012 judgment of conviction of the District Court.