12-1560-cr
*United States v. Hwang (Ng)*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*
> > v.                                            No. 12-1560-cr

DAVID HWANG, AKA SUNKI HWANG, BENNY AUYEUNG, JOSHUA BANNER, AKA POPS, AKA JOSHUA BENNER,

> *Defendants,*

THOMAS NG, AKA TOMMY, AKA EDDIE, E,

> *Defendant-Appellant.*

---

**FOR APPELLEE:**            Susan Corkery, Jacquelyn M. Kasulis, Assistant United States Attorneys, *for* Loretta E. Lynch, United States

Attorney, Eastern District of New York.

**FOR DEFENDANT-APPELLANT:**                     Elizabeth Macedonio, Elizabeth E. Macedonio P.C., Bayside, NY.


Appeal from an April 17, 2012 judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.


Thomas Ng appeals the final judgment of the District Court, convicting him, on his plea of guilty, of two counts of Hobbs Act robbery conspiracy in violation of 18 U.S.C. § 1951(a) and one count of unlawful use and brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Ng was sentenced, principally, to concurrent terms of imprisonment of 133 months on the robbery conspiracy counts and a consecutive term of imprisonment of 84 months on the firearm count. Ng now seeks to withdraw his guilty plea on the grounds that it was not knowingly and voluntarily entered. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Ng claims that his conviction should be vacated because the District Court did not adequately comply with the requirements set forth in Rule 11 of the Federal Rules of Criminal Procedure. In particular, he asserts that his plea was not knowing or voluntary because, although he was advised by the District Court of several rights he was relinquishing by pleading guilty, including the right to a speedy and public trial and the right to call witnesses in his defense, he was not specifically advised of the following rights: (1) right to a trial by jury; (2) right to be represented by counsel and to have counsel appointed for him, if necessary; (3) right to be protected from self-incrimination; and (4) right to compel the attendance of witnesses. Additionally, Ng claims that the District Court erred in failing to advise him of its obligation to calculate the applicable Federal Sentencing Guidelines range and to consider that range in conjunction with the factors set forth in 18 U.S.C. § 3553(a).[1]

Ng raised no objections during the plea hearing, and so his claims are reviewed for plain error. The Supreme Court has instructed that a finding of "plain error" requires that

(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which

---

[1] Ng does not argue that his sentence was substantively or procedurally unreasonable; rather his argument about sentencing is part of his overall Rule 11 claim.

in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013) (quoting *United States v. Marcus,* 560 U.S. 258 (2010); *see United States v. Alvarado,* 720 F.3d 153, 157 (2d Cir. 2013) (same). In other words, "[t]o be plain, an error of the district court must be obviously wrong in light of existing law." *United States v. Youngs,* 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks omitted).

In the Rule 11 context, the Supreme Court has held that "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez,* 542 U.S. 74, 83 (2004). In determining the effect of the Rule 11 violation, we are not confined to the plea colloquy itself but may consult the entire record. *See United States v. Vonn*, 535 U.S. 55, 74-76 (2002).

Based on our review of the record, we hold that Ng has failed to show that if not for the District Court's failure to instruct him on the four rights listed above and its obligation with regard to the Sentencing Guidelines, he would not have pleaded guilty. We conclude that Ng's plea was knowingly and voluntarily entered.

## CONCLUSION

We have considered all of Ng's arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the April 12, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3