12-1520-cr
United States v. Biear

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fourteen.

Present:  ROBERT A. KATZMANN,
                      *Chief Judge*,
              ROBERT D. SACK,
                      *Circuit Judge*,
              JED S. RAKOFF,
                      *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                    No. 12-1520

JAMES S. BIEAR,

        *Defendant-Appellant*.

_____

For Appellee:              LISA P. KOROLOGOS, Assistant U.S. Attorney (Jennifer G. Rodgers, Assistant U.S. Attorney, *on the brief*), *for* Preet Bharara, U.S. Attorney for the Southern District of New York, New York, NY.

_____

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

For Defendant-Appellant:           LAWRENCE D. GERZOG, Law Offices of Lawrence D. Gerzog, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**, and that defendant-appellant's claim of ineffective assistance of counsel is **DISMISSED** without prejudice.

Defendant-Appellant James S. Biear appeals from a judgment of conviction and sentence imposed on March 29, 2013, by the United States District Court for the Southern District of New York (Castel, *J.*). Biear was charged with one count of interstate transportation of stolen property under 18 U.S.C. § 2314; one count of wire fraud under 18 U.S.C. § 1343; one count of bank fraud under 18 U.S.C. § 1344; one count of mail fraud under 18 U.S.C. § 1341; one count of access device fraud under 18 U.S.C. § 1029(a)(5); and five counts of money laundering under 18 U.S.C. § 1957. He was convicted on all counts after a jury trial, and was sentenced primarily to ten years' imprisonment. He now appeals his conviction on each count and also his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, Biear challenges the sufficiency of the evidence as to each count on which he was convicted. "We review de novo challenges to the sufficiency of the evidence." *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010). In deciding whether the evidence was sufficient to sustain a conviction, "we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the

2

witnesses' credibility." *Id.* (quoting *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007)). We will uphold the verdict as long as "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Here, after a careful review of the record, we are convinced that the jury's guilty verdict was supported by sufficient evidence on each count. We therefore affirm Biear's conviction on all ten counts.

Second, Biear argues that his sentence was procedurally unreasonable. We examine the procedural reasonableness of a district court's sentence for abuse of discretion, examining questions of law de novo and questions of fact for clear error. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Legros*, 529 F.3d 470, 474 (2d Cir. 2008). A sentence is procedurally unreasonable if the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

Biear asserts that his sentence was procedurally unreasonable because the court reporter failed to transcribe his statement to the court at sentencing. Although we do not condone the failure to transcribe Biear's statement, we reject Biear's argument because he has not shown any specific prejudice from this gap in the record. *See United States v. Weisser*, 417 F.3d 336, 342-43 (2d Cir. 2005); *United States v. Smart*, 448 F.2d 931, 936 (2d Cir. 1971); *United States v. Di Canio*, 245 F.2d 713, 715 (2d Cir. 1957). We add that in the interests of justice, we obtained and examined Biear's handwritten draft of his sentencing statement, and it does not change our analysis. *See United States v. Molina*, 356 F.3d 269, 275 (2d Cir. 2004). We also reject Biear's

3

argument that the district court abused its discretion by applying the Sentencing Guidelines enhancements for abuse of a position of trust and for a vulnerable victim, as ample evidence supported the district court's decision to apply these enhancements. *See* U.S.S.G. §§ 3A1.1(b)(1), 3B1.3.

Although Biear is represented by counsel on this appeal, he has also filed a pro se brief. That brief argues that the government violated Biear's rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to timely disclose exculpatory evidence; that the district court erred in an evidentiary ruling; and that Biear's counsel gave him ineffective assistance in connection with a pretrial plea offer. We reject Biear's *Brady* claim and his challenge to the district court's evidentiary ruling as meritless. As for his ineffective assistance claim, we dismiss it without prejudice to his ability to raise it in a future petition under 28 U.S.C. § 2255. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); *United States v. Tarbell*, 728 F.3d 122, 128-29 (2d Cir. 2013) (citing *Massaro*).

We have considered Biear's remaining arguments and find that they lack merit. For the reasons given above, we **AFFIRM** the district court's judgment, and **DISMISS** Biear's ineffective assistance claim without prejudice.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4