11-4884-cr
United States v. Jaafar

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fourteen.

Present:    ROBERT A. KATZMANN,
                       *Chief Judge*,
               ROBERT D. SACK,
                       *Circuit Judge*,
               EDGARDO RAMOS,
                       *District Judge*.[*]

─────────────────────────────────────────────

UNITED STATES OF AMERICA,

                       *Appellee*,

                       v.                                          No. 11-4884-cr

HENRY AL HALABI, HAIDAR AYOUB, YOUSSEF AYOUB, HUSSEN ALI CHAHINE, aka HUSSEIN, YOUNES EL SALEH, MOHAMAD HASSAN ELREDA, HASSAN ALI HAMDAN, WADIE JAAFAR, ALI ATA SALEH, MAHDI TALEEB,

                       *Defendants*,

AYMAN JAAFAR, aka ABU JAMEEL, aka MOHAMMAD

                       *Defendant-Appellant*.

─────────────────────────────────────────────

[*] The Honorable Edgardo Ramos, United States District Judge for the Southern District of New York, sitting by designation.

For Appellee:                    WALTER M. NORKIN, Assistant U.S. Attorney, (Susan Corkery, Assistant U.S. Attorney, *on the brief*), *for* Loretta E. Lynch, U.S. Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:         JANE S. MEYERS, Law Office of Jane S. Meyers, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED,** and that defendant-appellant's claim of ineffective assistance of counsel is **REMANDED** for further factfinding.

Defendant-appellant Ayman Jaafar appeals from a judgment of conviction and sentence filed on November 17, 2011, by the United States District Court for the Eastern District of New York (Irizarry, *J.*). Jaafar pleaded guilty to one count of trafficking in counterfeit goods in violation of 18 U.S.C. § 2320(a); he was sentenced primarily to two years in prison followed by three years of supervised release, and restitution in the amount of $54,501.00. He now appeals, arguing that his sentence was procedurally and substantively unreasonable and that his plea may have been tainted by ineffective assistance of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

While Jaafar has finished serving his sentence of imprisonment, he remains on supervised release, and the district court may choose to modify his supervised release term if we find that the original sentence was unreasonable. Jaafar's challenge to his sentence therefore is not moot. *See Levine v. Apker*, 455 F.3d 71, 76-77 (2d Cir. 2006).

We examine the procedural reasonableness of a district court's sentence for abuse of discretion, examining questions of law de novo and questions of fact for clear error. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Legros*, 529 F.3d 470, 473-74 (2d Cir. 2008). A sentence is procedurally unreasonable if the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

Jaafar argues that his sentence was procedurally unreasonable because the district court overestimated the value of the counterfeit jerseys in his possession. We disagree. The Sentencing Guidelines calculate the offense level in cases of trademark infringement based on the "infringement amount" for which the defendant is responsible. U.S.S.G. § 2B5.3(b)(1). The application notes explain that where an infringing item "is, or appears to a reasonably informed purchaser to be, identical or substantially equivalent to the infringed item," the infringement amount is the retail value of the infringed item (multiplied by the number of infringing items). *Id.* cmt. n. 2(A)(i). Here, the district court determined that the counterfeit jerseys in Jaafar's possession were substantially equivalent to authentic jerseys. In making that determination, it relied on a statement by a representative of the Coalition to Advance the Protection of Sports Logos ("CAPS") who examined the counterfeit jerseys and asserted that they were substantially equivalent to similar authentic merchandise. Jaafar objected to the district court's valuation, stating that he believed the estimated infringement amount was too high. However, he did not request an evidentiary hearing on the issue, and he did not proffer any evidence for his position beyond his own estimate of the value of the jerseys. On appeal, Jaafar continues to vehemently

3

dispute the district court's valuation of the jerseys; but he continues to cite no record evidence for this position except his own statements. We do not believe the district court clearly erred in choosing to credit the CAPS representative over Jaafar himself in determining the quality of the counterfeit jerseys. We therefore reject Jaafar's challenge to the district court's calculation of the infringement amount.

The district court ordered Jaafar to pay restitution based on a 15% royalty on the infringement amount (i.e., a 15% royalty on the retail value of authentic items substantially equivalent to the counterfeit items in Jaafar's possession). Jaafar again argues that the district court clearly erred by overestimating the value of the counterfeit jerseys; but again, the only evidence he cites to support this claim is his own valuation of the goods. We see nothing in the record to indicate that the district court abused its discretion by valuing the counterfeit jerseys in Jaafar's possession at the retail price of substantially similar authentic goods.[1]

Jaafar also argues that the district court procedurally erred in setting the schedule for restitution payments by failing to consider his financial circumstances. Although a district court is required to consider the defendant's financial circumstances in setting a restitution schedule, *see* 18 U.S.C. § 3664(f)(2), it is not required to state on the record that it has done so, *see United States v. Walker*, 353 F.3d 130, 131-32 (2d Cir. 2003). We have no reason to believe that the district court failed to properly consider Jaafar's financial circumstances in setting the restitution schedule, and so we reject this claim of procedural error.

---

[1] Jaafar does not challenge the district court's decision to assess the restitution amount based on the value of the counterfeit jerseys in his possession, rather than the value of the counterfeit jerseys that he had actually sold. Because Jaafar does not raise this argument, we do not address it.

Jaafar also argues that the district court procedurally erred by treating the advisory Guideline range as presumptively reasonable. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("A district court may not presume that a Guidelines sentence is reasonable . . . ."). That argument is not supported by the record. On the contrary, the sentencing court properly understood that calculating the correct Guideline range was "just an initial step in the sentencing process." J.A. 129. We therefore reject Jaafar's assertion that the district court applied a presumption in favor of a Guidelines sentence.

Jaafar also challenges the substantive reasonableness of his sentence. We determine substantive reasonableness under "the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. We will only find substantive unreasonableness if the sentence is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). "[I]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Here, Jaafar's two-year prison sentence fell at the low end of the applicable Guidelines range. After considering all the circumstances, including the mitigating factors Jaafar emphasizes, we do not believe that the sentence imposed by the district court was substantively unreasonable.

Finally, Jaafar claims that his counsel provided ineffective assistance by failing to object at the plea colloquy to incorrect statements by the district court about the immigration consequences of his plea. He further asserts that his counsel may have separately given him incorrect advice about those immigration consequences. Faced on direct appeal with this claim

5

of ineffective assistance of counsel, we have three options: (1) we can dismiss the claim without prejudice, leaving it to be raised in a petition under 28 U.S.C. § 2255 or a petition for a writ of coram nobis; (2) we can remand the claim to the district court for further factfinding; or (3) we can attempt to decide the claim on the record before us. *United States v. Tarbell*, 728 F.3d 122, 128 (2d Cir. 2013). The third option is not available here; the record does not fully elucidate what advice Jaafar received from his counsel regarding the immigration consequences of his plea, and so we cannot properly assess his ineffective assistance claim at present. In deciding between the first and second options, we recognize that our normal course is to dismiss the claim without prejudice. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); *Tarbell*, 728 F.3d at 128-29. But given the circumstances of this case—including the possibility that Jaafar may be deported before he can file a collateral attack on his sentence—we think it preferable to remand for further factfinding here.

For the reasons given above, we **REMAND** this case to the district court for further factfinding on whether Jaafar received ineffective advice from his counsel regarding the immigration consequences of his plea, and whether he suffered prejudice from that ineffective advice. We retain jurisdiction to hear Jaafar's ineffective assistance claim once the record has been supplemented. *See United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK