*United States v. Leitz*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand fourteen.

PRESENT:

    JON O. NEWMAN,
    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
              *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES,

       *Appellee,*

        -v.-                                      No. 13-621

COREY LEITZ,

       *Defendant-Appellant*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | STEVEN YUROWITZ, Newman & Greenberg, New York, NY. |
| **FOR APPELLEE:** | BRENDA K. SANNES (Geoffrey J.L. Brown, *on the brief*), Assistant United States Attorneys, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from the February 19, 2013 judgment of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED**.

Defendant Corey Leitz appeals from a judgment of the District Court sentencing him principally to a 151-month prison term. Leitz pleaded guilty, pursuant to a plea agreement accompanied by a separate confidential cooperation agreement, to a charge of manufacturing marijuana plants in violation of 21 U.S.C. § 841(a)(1). Leitz challenges his conviction and sentence on the basis that the District Court did not discuss his cooperation agreement at the plea colloquy or sentencing. Accordingly, he contends, his plea was not knowing and voluntary and the sentencing did not comply with the open court requirement as set out in 18 U.S.C. § 3553(c).[1]

## BACKGROUND

On September 24, 2012, after Leitz was arrested, he entered into an agreement to plead guilty to one count of manufacturing marijuana. The plea agreement stipulated that Leitz would not appeal a sentence of 240 months or below. The cooperation agreement provided that the Government would notify the Court of Leitz's cooperation and, if the Government determined that he had provided "substantial assistance," it could *in its sole discretion* recommend a downward departure pursuant to USSG § 5K1.1 or 18 U.S.C. § 3553(c).

At the plea colloquy, the Court discussed the Guideline calculations and the appeal waiver, but did not discuss the cooperation agreement. On October 4, 2012, the Government moved for a one-level downward departure based on the cooperation agreement. At sentencing, the District Court calculated a Guideline range of 151-188 months, and sentenced Leitz to 151 months. In its Statement of Reasons, issued later, the District Court explained that it had departed downward based in part on Leitz's cooperation. Leitz appealed his sentence to this Court.

## DISCUSSION

Because Leitz "never sought to withdraw his plea, and did not object" in the District Court to the alleged Rule 11 violation or the sentence imposed we review his claims for "plain error." *United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013).

At the colloquy, the District Court informed Leitz of the 240-month mandatory minimum sentence, and discussed the appeal waiver. Accordingly, Leitz knew of the "*direct* consequences of a

---

[1] 18 U.S.C. § 3553(c) provides in relevant part: "The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."

2

guilty plea," i.e. anything that would have a "definite, immediate and largely automatic effect on the range of . . . punishment." *United States v. Youngs*, 687 F.3d 56, 60 (2d Cir. 2012) (internal quotation marks omitted). Leitz's claim that the failure to discuss the confidential cooperation agreement rendered his plea unknowing and, therefore, invalid mirrors arguments previously rejected by this Court.

In *Tarbell* the district court discussed the mandatory minimum sentence under the plea agreement, but did not discuss a confidential cooperation agreement. 728 F.3d at 126-27. We held that where the cooperation agreement made clear that there was no promise of a downward departure, and the defendant was aware of the applicable mandatory minimum sentence, the failure to discuss the cooperation agreement did not render the plea unknowing or involuntary. *Id.* Moreover, the "decision not to discuss the confidential cooperation agreement in open court [was] perfectly understandable" and not plain error. *Id.* at 127. We noted however that "the better practice in these circumstances would have been for the District Court to use one of the various tools at its disposal [—closing the courtroom during plea proceedings, sealing the transcript of such proceedings, and issuing rulings under seal—] to reduce if not eliminate the risks that may arise from fulfilling its obligation to ensure that the defendant understands the range of potential penalties, rather than simply remaining completely silent about such a cooperation agreement." *Id.* (internal quotation marks, citations and alterations omitted).[2]

Like *Tarbell*, this case illustrates the tension that exists between the principle that all relevant aspects of the plea proceeding should be discussed, preferably in open court, and the need to preserve the confidentiality of a defendant's cooperation with the government in criminal proceedings. At a minimum, we believe that the terms of the cooperation agreement, if not the agreement itself, should be before the sentencing judge at the time the plea is accepted. In the absence of a department-wide policy, however, that tension must be resolved on a case-by-case base. Here, the tension did not result in reversible error because Leitz has not shown how the failure to discuss the cooperation agreement affected his substantial rights: he does not contend that he was unaware of the terms of the cooperation agreement, which, regardless, would not necessarily have affected his sentence. Moreover, the agreement ultimately resulted in Leitz receiving a *lower* sentence.[3] Because Leitz's guilty plea was knowing and voluntary, the waiver of his right to appeal any sentence below 240 months is enforceable, and requires dismissal of this appeal.

---

[2] The District Court did not have the benefit of our decision in *Tarbell* when sentencing Leitz.

[3] Leitz also makes a meritless ineffective assistance argument, claiming that "defense counsel never once advocated that Leitz should receive the benefit of [his] cooperation." But Leitz did receive the benefit of the cooperation agreement in the form of a downward departure.

3

**CONCLUSION**

For the reasons set out above, this appeal is **DISMISSED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court