United States v. Taleek Brooks

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of May, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         ROSEMARY S. POOLER,
         PETER W. HALL,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
         Appellee,

         -v.-                                    14-1258

TALEEK BROOKS,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:            Thomas F.X. Dunn, New York, New York.

FOR APPELLEE:             Robert T. Polemeni (with David C. James, on the brief), for Kelly T. Currie, Acting United States Attorney for the Eastern

District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Mauskopf, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED.**

Taleek Brooks appeals from the judgment of the United States District Court for the Eastern District of New York (Mauskopf, <u>J.</u>), sentencing him to 50 years' imprisonment followed by a life term of supervised release, after he pled guilty to sexual exploitation of a child and distribution of child pornography. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In brief, Brooks: possessed thousands of videos and images depicting violent child pornography, made those videos and images available for others to download over the internet throughout a seven-year period, produced grotesque child pornography in a classroom of the public elementary school where he worked as a teacher's aide, and repeatedly sexually assaulted a ten-year-old boy who attended that elementary school.

A 2012 grand jury indictment charged Brooks with seven counts of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) and (e); four counts of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). In February 2013, Brooks pled guilty pursuant to a plea agreement to one exploitation count and one distribution count. The plea agreement recited the government's estimation that "the effective Guidelines range is 15 - 50 years," and acknowledged the statutory maximum sentence for each count to which Brooks was pleading: 30 years' imprisonment for the exploitation count, and 20 years' imprisonment for the distribution count. The plea agreement also included an appeal waiver "in the event the Court imposes a term of imprisonment of 50 years or less."

After pleading guilty and before sentencing, Brooks filed a <u>pro se</u> letter explaining to the district court that he had pled guilty only because he lacked confidence in his

2

counsel.  In response to Brooks's letter, the district court relieved defense counsel in July 2013, appointed a new attorney, and adjourned the sentencing date so that Brooks and his new attorney could discuss whether to move to withdraw the plea.  The new attorney informed the court in November 2013 that Brooks had decided against moving to withdraw his guilty plea, and in December the district court accepted the guilty plea.

At Brooks's sentencing, the district court found that the U.S. Sentencing Guidelines advisory range was 30 to 50 years' imprisonment, and sentenced Brooks to 50 years' imprisonment, which was the statutory maximum.

On appeal, Brooks argues that: (1) he should be released from the appeal waiver in his plea agreement because his counsel was ineffective in advising him to enter the plea agreement, and (2) his sentence is substantively unreasonable.

"When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us."  *United States v. Adams*, 768 F.3d 219, 226 (2d Cir. 2014) (quoting *United States v. Tarbell*, 728 F.3d 122, 128 (2d Cir. 2013)).  Mindful that the first option is generally preferred, *see United States v. Oladimeji*, 463 F.3d 152, 154 (2d Cir. 2006), we dismiss that claim without prejudice to Brooks's right to advance it in a collateral proceeding under § 2255, or otherwise.

Under such circumstance, we will provisionally enforce the appeal waiver "unless and until [the defendant] prevails (by a habeas petition) in proving that his appeal waiver should be voided because he received ineffective assistance of counsel."  *Oladimeji*, 463 F.3d at 155; *see also United States v. Monzon*, 359 F.3d 110 (2d Cir. 2004).  Because the waiver remains intact for the purposes of this appeal, we need not reach Brooks's challenge to the substantive reasonableness of his sentence.

Even if the waiver is otherwise unenforceable, *see United States v. Goodman*, 165 F.3d 169, 174 (2d Cir. 1999),

3

Brooks would not be entitled to relief because his sentencing challenge fails on the merits. "The district courts have discretion to select an appropriate sentence, and in doing so are statutorily bound to consider the factors listed in [18 U.S.C.] § 3553(a), including the advisory Guidelines range." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). "[O]ur substantive review of a sentence is akin to review under an abuse-of-discretion standard," whereby a district court abuses its discretion if its sentence is "based on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or a decision that cannot be located within the range of permissible decisions." *United States v. Park*, 758 F.3d 193, 199–200 (2d Cir. 2014) (internal quotation marks and alteration omitted). Here, the district court did not abuse its discretion by imposing a 50-year sentence, at the top of the effective Guidelines range. After carefully considering the Section 3553(a) factors, the district court determined that such a term of imprisonment was sufficient, but not greater than necessary to serve the purposes of sentencing. *See United States v. Dorvee*, 616 F.3d 174, 182 (2d Cir. 2010).

For the foregoing reasons, and finding no merit in Brooks's other arguments, we hereby **DISMISS** the appeal.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4