*United States v. Clark*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of October, two thousand twenty.

Present:
> GUIDO CALABRESI,
> ROBERT A. KATZMANN,
> SUSAN L. CARNEY,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                    19-1625

CHARLES GELZER,

    *Defendant*,

CLARENCE CLARK, AKA SHATEEKK SAVAGE,

    *Defendant-Appellant*.

---

For Appellee:                            DAVID GOPSTEIN (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:                    MICHELLE ANDERSON BARTH, Law Office of
                                            Michelle Anderson Barth, Burlington, VT.

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Brodie, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the district court's judgment is **AFFIRMED**.

Defendant-appellant Clarence Clark appeals from a judgment of conviction entered on

May 17, 2019 by the United States District Court for the Eastern District of New York (Brodie,

*J*.) after Clark pleaded guilty to two counts of a superseding indictment charging him with Hobbs

Act robbery in violation of 18 U.S.C. §§ 1951(a), 2, and 3551 ("Count Five") and possessing and

brandishing a firearm during crimes of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(i),

924(c)(1)(A)(ii), 2, and 3551 ("Count Six"). We assume the parties' familiarity with the

underlying facts, the procedural history of the case, and the issues on appeal.

Clark argues that his conviction is invalid because: (1) the district court failed to

determine that there was a factual basis for his guilty plea as to both counts; (2) the district court

failed to inform him of the nature of either charge he pleaded guilty to; and (3) he received

ineffective assistance of counsel during and after the plea proceedings.

"Rule 11 sets forth requirements for a plea allocution and is designed to ensure that a

defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of

action open to the defendant." *United States v. Andrades*, 169 F.3d 131, 133 (2d Cir. 1999).[1]

"Rule 11(b)(1)(G) calls for the district court to inform the defendant of and ensure that the

_____

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation
marks, footnotes, and alterations.

defendant understands the *nature of each charge* to which the defendant is pleading" before accepting a guilty plea. *United States v. Lloyd*, 901 F.3d 111, 119 (2d Cir. 2018) (emphasis in original). By contrast, "Rule 11(b)(3) focuses on the court's *own* careful determination, before entering judgment on a guilty plea, that there is a factual basis for the plea." *Id.* at 119 (emphasis in original). We have "adopted a standard of strict adherence to Rule 11, and examine critically even slight procedural deficiencies to ensure that the defendant's guilty plea was a voluntary and intelligent choice, and that none of the defendant's substantial rights has been compromised." *Id*.

"A variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Clark failed to raise his Rule 11 challenges before the district court, and we therefore review the district court's actions for plain error. *See Lloyd*, 901 F.3d at 119. To satisfy the plain error standard, a defendant must demonstrate that "(1) there was error, (2) the error was plain, and (3) the error prejudicially affected his substantial rights; if such error is demonstrated, we will reverse, still, only when (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id*. "In the Rule 11 context, we have interpreted the third prong of the plain-error test to require that a defendant show a reasonable probability that, but for the error, he would not have entered the plea." *Id.* "The voluntariness of a guilty plea is reviewed by examining the totality of the relevant circumstances." *Hanson v. Phillips*, 442 F.3d 789, 798 (2d Cir. 2006).

We begin by examining whether the record allowed the district court to determine that there was an adequate factual basis for Clark's guilty pleas. We conclude that it did. Clark admitted that he participated in an armed robbery of a Staten Island bagel store and that he knew that his accomplice would brandish a gun. In Clark's own words, he "was in the store," "had the bag," "assist[ed] somebody [to] take stuff from the store," "knew there was a firearm that was

3

going to be brandished in the robbery," and the gun "was brandished" during the robbery by Clark's accomplice. App'x 128–30; *see also United States v. Robinson*, 799 F.3d 196, 201 (2d Cir. 2015) (holding that there was sufficient factual basis for § 924(c) plea where defendant admitted to joining his accomplice in a carjacking and "had a chance to turn and run the other way" upon learning that a gun was being brandished "but did not"). The record amply supported a determination that Clark committed a Hobbs Act robbery.

Clark argues that he admitted no facts that would establish the interstate commerce element of the offense for Count Five. We easily reject this challenge. Rule 11(b)(3) requires the district court "to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty" and, in doing so, it is permitted to look beyond to defendant's own admissions to "statements . . . of the attorneys from the government and the defense." *Lloyd*, 901 F.3d at 123. Here, the parties stipulated to the fact that the store that was robbed "was engaged in interstate commerce by selling products that traveled in interstate commerce" and the district court was entitled to rely on that stipulation in finding a factual basis for Clark's guilty plea. App'x 130–31; *see United States v. Perrotta*, 313 F.3d 33, 36 (2d Cir. 2002) ("[I]f the defendants' conduct produces any interference with or effect upon interstate commerce, whether slight, subtle, or even potential, it is sufficient to uphold a prosecution under the Hobbs Act.").

We next examine whether the district court adequately informed Clark of the nature of the charges to which he was pleading guilty. We begin with Count Five—Hobbs Act robbery. Clark argues that he pleaded guilty to *aiding and abetting* Hobbs Act robbery but that the district court's discussion pertained solely to substantive Hobbs Act robbery. We reject this argument for two reasons. First, as a factual matter, the record indicates that Clark pleaded guilty to

4

substantive Hobbs Act robbery, not merely to aiding and abetting. *See* App'x 123 ("THE COURT: Mr. Clark, what is your plea to Count Five of the superseding indictment charging you with Hobbs Act robbery, guilty or not guilty? THE DEFENDANT: Guilty."). And while Clark later used the phrase "aided and abetted" when describing his actions during the robbery, he readily admitted that he was in the store, held the bag, and helped someone take things from the store, all of which describe substantive Hobbs Act robbery. App'x 128–29. Second, unlike Clark's back-and-forth with the district court regarding the gun charge (discussed below), Clark did not object to and indeed appeared to agree with district court's repeated characterization of the plea to Count Five as "Hobbs Act robbery," App'x 123, 127, 128, 132, and did not challenge his plea to Hobbs Act robbery at the subsequent hearings where he questioned the validity of his plea to the gun charge.

The question is much closer for Count Six—aiding and abetting the brandishing of a gun during a crime of violence. Here, we find the colloquy lacking in two ways: First, the district court did not inform Clark of the basic elements of aiding-and-abetting liability under 18 U.S.C. § 2, which requires that he have "take[n] an affirmative act in furtherance of [the underlying] offense . . . with the intent of facilitating the offense's commission." *Rosemond v. United States*, 572 U.S. 65, 71 (2014). And second, the district court did not mention that aiding-and-abetting liability for a § 924(c) violation requires advance knowledge that a gun would be used, and specifically that this knowledge must have occurred at a point in time when there was still a "realistic opportunity to quit the crime." *Id.* at 78. The plea colloquy thus fell short of the ideal we expressed in *Lloyd*, where we urged district courts to "us[e] a checklist, script, or other tool for conducting change-of-plea hearings . . . to ensure [their] regular and rigorous compliance with Rule 11 and to avoid casting unnecessary doubt on the voluntary and knowing nature of the

5

guilty pleas that [they] accept[].” *Lloyd*, 901 F.3d at 121.[2]

But we nevertheless conclude—as we did in *Lloyd*—that Clark has not “demonstrate[d] that, had the District Court articulated each element of the offense to which he pleaded guilty, he would not have entered the plea.” 901 F.3d at 122. The record suggests that Clark's concern was not about the *mens rea* for aiding and abetting. Rather, the key sticking point for Clark was his contention that he himself never brandished a gun during the bagel store robbery. Clark insisted that only his accomplice had brandished a gun, and Clark was therefore reluctant to plead guilty to having brandished the gun himself. The parties and the district court therefore improvised at the plea hearing and changed the § 924(c) plea to aiding and abetting the brandishing of a gun. Clark then readily pleaded guilty and repeatedly admitted to having had advance knowledge that his accomplice would brandish the gun. And while Clark appears to have temporarily recanted this admission at sentencing when he stated that he “never had knowledge [that] a gun was going to be brandished,” App'x 144, he ultimately reaffirmed his initial statement that he did have advance knowledge that his accomplice would brandish a gun. The record therefore does not support Clark's contention that he would not have pleaded guilty had the district court given a fuller explanation of the elements of aiding-and-abetting liability.

Clark also argues that the colloquy was deficient because there was no underlying “crime of violence” for the purpose of § 924(c). This argument is built on the premise that Clark's plea to Hobbs Act robbery was on an aiding-and-abetting basis. But, as we determined above, Clark pleaded guilty to substantive Hobbs Act robbery, not merely as an aider and abettor. Clark

---

[2] We do commend the district court for adjourning the sentencing when Clark expressed doubt about the validity of his § 924(c) plea, and for carefully reviewing the plea transcript with Clark and confirming that he had advance knowledge that a gun would be used. Clark was at times a digressive interlocutor, and the district court patiently engaged his questions and concerns over the course of multiple hearings.

admits that substantive Hobbs Act robbery *is* a crime of violence for the purpose of § 924(c) under *United States v. Hill*, 890 F.3d 51 (2d Cir. 2018). We therefore find no error here.

Finally, Clark argues that he received constitutionally ineffective assistance of counsel because defense counsel failed to object to the alleged Rule 11 violations that form the heart of his appeal. "When faced with a claim for ineffective assistance of counsel on direct appeal, we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." *United States v. Tarbell*, 728 F.3d 122, 128 (2d Cir. 2013). "Among these options, the Supreme Court has instructed that in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Id*. at 128–29. "However, we may decide ineffective assistance claims on direct appeal when their resolution is beyond any doubt or to do so would be in the interest of justice." *United States v. Kimber*, 777 F.3d 553, 562 (2d Cir. 2015). Clark asserts no persuasive reason why his claim should be decided on direct appeal. We therefore adhere to our usual practice and decline to address Clark's ineffective assistance claim, leaving it to Clark to raise it in a collateral proceeding. *See Lloyd*, 901 F.3d at 125.

For the foregoing reasons, we **AFFIRM** the district court's judgment of conviction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7